FILED

**April 25, 2023**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 21-0467 – *State v. Michael C.*

Armstead, Justice, concurring:

I agree with the majority opinion's conclusion that "the [circuit] court's exclusion of the Rule 609 evidence under the facts and circumstances of this case was reversible error and the petitioner is entitled to a new trial." The issue herein was whether Petitioner should have been permitted to impeach T.E. with her prior felony under Rule 609 of the West Virginia Rules of Evidence. As noted by syllabus point four of the majority opinion:

> Where a party seeks to admit evidence of a witness's prior conviction pursuant to West Virginia Rule of Evidence 609, the sole issue to be determined by the circuit court is whether the probative value of the impeachment evidence is substantially outweighed by the danger of one or more of the factors enumerated in West Virginia Rule of Evidence 403: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

The circuit court erred by failing to make a specific finding of whether T.E.'s prior felony met one of the Rule 403 factors: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Because the circuit court did not make such a finding, I agree with the majority opinion that Petitioner's conviction should be reversed.

However, I disagree with the majority opinion's statement that "this Court, having reviewed the appendix record including the trial transcript, can find no factual basis that would support any such legal determinations [that T.E.'s prior felony met one of the

1

Rule 403 factors]." The issue in this case is whether the circuit court conducted a proper Rule 609 analysis. It is clear that it did not. Therefore, it is entirely unnecessary for the majority opinion to speculate on what the circuit court could have found if it had conducted a proper Rule 609 analysis. Further, I believe that T.E.'s prior felony conviction could potentially meet one of the Rule 403 factors that would prevent it from coming in for impeachment purposes. It is possible that admitting T.E.'s prior felony for child neglect in Virginia could confuse the issues or mislead the jury. The circuit court, however, did not conduct the required analysis or make the necessary findings for us to conduct a proper appellate review of the issue.

Based on these facts, I concur with the majority opinion's ruling but disagree with the majority opinion to the extent it concluded, in dicta, that T.E.'s prior felony conviction could not meet any of the Rule 403 factors.